## ELLIS *v.* HOLLAND.

*Atkinson, J.*—The evidence showing that there had been no sale of the property in dispute by the claimant to the defendant in execution, but that the transaction between them amounted at most only to an executory contract to sell upon certain conditions, and that the same was never carried into effect, it was error to direct a verdict in favor of the plaintiff in execution. February 10, 1896.                                    *Judgment reversed.*

Levy and claim.    Before Judge Smith.    Bulloch superior court.    January 19, 1895.

An execution against J. F. Lanier was levied on 44 sacks of guano which was claimed by Ellis.    The court directed a verdict for plaintiff, and overruled a motion for new trial.

Ellis testified:    I never sold Lanier the guano.    The way he came to get it was this:    A boy who I thought was a son of J. B. Lanier came to get some guano for his father.    I told him to go and load up, and I would see him when my brother (who was my clerk) came back.    He went off, and instead of hauling one load he had four or five carts and carried off 45 sacks.    The next day my brother told me that he was a son of J. F., not J. B. Lanier.    I at once sent my brother to J. F. Lanier, and told him I would not sell him the guano except for cash.    Lanier said he could get some pension money and pay with that.    He told Lanier that if he did this he could have the guano, otherwise not; that he would let the guano remain at Lanier's place for a few days to save hauling it back, and that if he did not pay for it, it would be sold to Milton Smith.    I made an arrangement with Smith on the same day, to sell the guano to him if Lanier did not pay for it; and as he never paid for it, I sold it to Smith, who hauled it off after it was levied on. I was entirely mistaken in the man who got it; I thought he

was a son of J. B. Lanier until my brother told me better the next morning. I never had but one or two conversations with J. F. Lanier about it; the first was shortly after he hauled the guano off, when I told him I had found out he was behind the homestead, and would not sell to him for that reason. He said he could give a mortgage on his growing crop. We never agreed about this, and he never gave any note. I never at any time agreed to sell to him on credit. He agreed that I might leave the guano at his place to save hauling it back, till he could arrange to get his pension money. I did make a conditional sale to both him and Smith. I was making an arrangement to sell to either one or the other. I considered the title to the guano was in me till I had sold it; and I would not sell to Lanier except for cash. I did sell one sack of this guano to Lanier, and he paid cash for it. Question by the court: Did you sell and retain title to the guano? Answer: Yes, sir. I considered the title in me till I got my money, as it was to be sold for cash. Q. Was the retention of title in writing? A. No, sir. No agreement was ever made between me and J. F. Lanier as to the price of the guano. He came to me and told me of the levy. I then filed my claim and took it off. I had sold it to Smith who hauled it off. Lanier agreed that it might stay at his place to save hauling it back; this was the reason it was left there. I was willing to give him time to get his pension money.

Lanier testified: I hauled the guano to my place. I had made no arrangement with Ellis as to its price. He met me in the road when I was hauling the last load; told me he had found I was under the homestead, and that he could not sell me the guano unless I made some arrangement. He said the price was $25 a ton. I did not say whether I would pay him that price or not. I suppose silence gave assent. We never did agree as to price. I do not know whether the guano had been sold to me; I understood it was. It was hauled from my place by Milton

Smith. I bought and paid for one sack. I was about two days hauling it. I never agreed to pay with pension money; he said he must have cash, but I never did say I would pay it by pension money.

*J. G. & D. H. Clark* and *R. L. Moore*, for plaintiff in error. *G. S. Johnson*, contra.